IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GADY PICHARDO HILARIO, | ) | |
| Petitioner, | ) | Civil Action No. 3: 14-cv-0253 |
| | ) | |
| v. | ) | United States District Judge |
| | ) | Kim R. Gibson |
| | ) | |
| GEORGE WIGIN, WARDEN, | ) | United States Magistrate Judge |
| MVCC, | ) | Cynthia Reed Eddy |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully submitted that the Petition for Writ of Habeas Corpus be denied.

**II.    REPORT**

Petitioner, Gady Pichardo-Hilario, ("Petitioner" or "Pichardo-Hilario") is a federal inmate who is incarcerated at the Moshannon Valley Correctional Center ("MVCC") in Philipsburg, Pennsylvania. He contends that the Bureau of Prisons (the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, see, e.g., United States v. Wilson, 503 U.S. 329, 331 (1992), erred in computing his federal sentence because the BOP has refused to award him prior custody credit for the time period from May 15, 2002 through July 16, 2004, the time he served in Belgium awaiting extradition to the United States for processing of his current federal offense.

1

#### A. Relevant Background

The record evidence, which Petitioner does not dispute, reflects the following. In November 2001, Immigration and Customs Enforcement ("ICE") and the Belgian Federal Police learned that Pichardo-Hilario and others were involved in a drug conspiracy to import MDMA (commonly known as "ecstasy") into the United States. *See* Declaration of Dawn Giddings ("Giddings Decl.") at ¶ 5b. On May 15, 2002, Pichardo-Hilario was arrested by Belgian police at his residence in Antwerp, Belgium, and charged with the Belgian criminal charge of Complicity in the Court of First Instance, Antwerp, Belgium. *Id.* at ¶ 5c. He was subsequently convicted and sentenced to two years of imprisonment in Belgium.

On July 16, 2002, a Criminal Complaint was filed in the United States District Court for the Eastern District of New York under Magistrate Docket Number 1:02-mj-01272 and a federal arrest warrant was issued. *Id.* at ¶ 8. On July 16, 2004, Pichardo-Hilario was released by Belgian authorities to the United States Marshals Service and extradited to the United States. On the same date, Pichardo-Hilario made an initial appearance before the United States District Court for the Eastern District of New York. *Id.*

On August 16, 2004, Petitioner was charged in a single-count Superceding Information with Conspiracy to Import MDMA, a controlled substance, into the United States, in violation of 21 U.S.C. §§ 963, 960(a)(1), 960 (b)(3), and 18 U.S.C. § 3551. On January 10, 2005, Pichardo-Hilario pled guilty to the single count Superceding Information. On August 5, 2005, the Court sentenced Pichardo-Hilario to 162 months' imprisonment. The Court concluded that Petitioner's total adjusted offense level was 36, and he was in Criminal History Category I, and therefore faced a Guidelines range of 188 to 235 months' imprisonment. T he Court also took into account, however, that the defendant was imprisoned in Belgium for the same conduct prior to coming to

the United States, and determined that Pichardo-Hilario should receive credit for the 26 months that he was incarcerated in Belgium. The Court downwardly departed and imposed a sentence of 162 months' imprisonment (26 months below the Guidelines range), a three-year term of supervised release, and a special assessment of $100.[1] The Statement of Reasons prepared by the sentencing court reflects that a downward departure was applied, based on USSG § 5K2.23, Discharged Terms of Imprisonment. The Court also ordered that upon completion of Pichardo-Hilario's federal sentence, ICE should enter an order of deportation and deport Petitioner without a deportation hearing. Pichardo-Hilario unsuccessfully challenged his sentence, which was upheld on appeal by the United States Court of Appeals for the Second Circuit. See United States v. Pichardo-Hilario, 449 F.3d 500 (2d Cir. 2006).

Pichardo-Hilario's 162-month federal sentence has been computed as commencing on August 5, 2005, the date it was imposed. He received 384 days of prior custody credit representing all time served from July 17, 2004, through August 4, 2005. Assuming he receives all good conduct time available under 18 U.S.C. § 3624(b), his projected release date is April 21, 2016.[2]

---

[1] The record reflects that at sentencing, the Court explained that it had spoken with the "lawyer actually from the Bureau of Prisons . . . [who] indicated . . . that [Pichardo-Hilario] would not receive credit for the time that he was imprisoned in Belgium because he was serving a Belgium sentence. So for that reason I am taking into consideration the 26 months that he served in Belgium and I will downwardly depart . . . ."

[2] The Court notes that Pichardo-Hilario, through counsel, has filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c), in his federal criminal case, on the basis that Amendment 782 of the United States Sentencing Guidelines applies and lowers his previously calculated Guidelines range by two levels, resulting in an amended Guidelines range of 151 to 188 months. The government has filed a response indicating that it has no objection to a limited sentence reduction. *See* Criminal Case No. 04-0742, United States District Court for the Eastern District of New York.

Petitioner challenges the BOP's sentence calculation and contends that it should be recalculated so that he is credited for the 26 months he spent in custody in Belgium from May 15, 2002 through July 16, 2004.

**B.**     **Discussion**

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]"  28 U.S.C. § 2241(c)(3). Petitioner contends that he is in custody in violation of the federal sentencing statutes because the BOP has calculated his sentence incorrectly.

The following statutes are relevant to the evaluation of the instant petition:  18 U.S.C. § 3585(a), which governs the commencement of a federal sentence; 18 U.S.C. § 3585(b), which governs the amount of prior custody credit that an inmate may receive; and 18 U.S.C. § 3621(b), which authorizes retroactive or *nunc pro tunc* designations.  The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28").[3]

   **1.**     **Commencement of Federal Sentence**

The parties are in agreement, that pursuant to § 3585(a) and applicable policy, the BOP properly commenced Petitioner's federal sentence on August 5, 2005, the date of imposition of his federal sentence.

---

[3] BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." Reno v. Koray, 515 U.S. 50, 61 (1995). The BOP policies at issue in this case are contained in Program Statements and are not also published in any federal regulation, and thus are not subject to public notice and comment before adoption. Therefore, they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984). They are, however, entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 208 (3d Cir. 2011), cert. denied, 132 S.Ct. 1068 (2012).

## 2. Calculation of prior custody credit under § 3585(b)

The second calculation in arriving at Pichardo-Hilario's projected release date is whether he is entitled to any prior custody credit. Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides as follows:

> Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>That has not been credited against another sentence.</u>

(Emphasis added). The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. <u>Wilson</u>, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. <u>Rios v. Wiley</u>, 201 F.3d 257, 272 (3d Cir. 2001); <u>Vega v. United States,</u> 493 F.3d 310, 314 (3d Cir. 2007).

The BOP has determined, and it not disputed, that Petitioner is entitled to 384 days of federal prior custody credit for time served in official detention from July 17, 2004, through August 4, 2005, representing the time he served from the date of his release from the Belgian authorities to the United States Marshals through the day before his federal sentence commenced.

Pichardo-Hilario requests that he be awarded additional prior custody credit for the time period between May 15, 2002, the date he was arrested in Antwerp, Belgium, and July 16, 2004,

5

the date he was released by Belgian authorities to the United States Marshals Service. However, because 18 U.S.C. § 3585(b) prohibits the award of prior custody credit for time that has been credited against any other sentence, and because the record evidence reflects that all time served between May 15, 2002, and July 16, 2004, was credited against his Belgian sentence, the Court finds that the BOP is statutorily precluded from awarding Petitioner prior custody credit for any time served between May 15, 2002, and July 16, 2004. Rios, 201 F.3d at 271-76; Vega, 493 F.3d at 314 (the BOP did not err when it disallowed credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence).

### 3. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253) (as amended) codified standards governing the issuance of certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-54 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

## III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

/s Cynthia Reed Eddy
CYNTHIA REED EDDY
United States Magistrate Judge

Dated: May 21, 2015

cc: **GADY PICHARDO HILARIO**
71152-053
Moshannon Valley Correctional Center
Unit B
555 I Geo Drive
Philipsburg, PA 16866
(via US First Class Mail)

Amie S. Murphy
United States Attorney's Office
(via ECF electronic notification)